UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MAUREEN CASSIDY,<br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | Case No. 13-cv-01873-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF 15, 18] |

The court is faced with cross-motions for summary judgment in this appeal from an adverse determination of eligibility for Social Security Disability benefits. For the reasons below, Plaintiff's motion[1] is **GRANTED** and Defendant's cross-motion is **DENIED**.

## I. BACKGROUND

Scott Allen Levander (Claimant) was struck by a car while crossing a street in November, 2007. Record (R.) at 243, ECF 11. Following the accident, Claimant continued to suffer chronic pain in his back and neck, as well as numbness in his feet, severely limiting Claimant's ability to sit, stand, and walk. R. at 209. Claimant's physician reported that Claimant suffered from "[c]hronic cervical and lumbar strains (whiplash injury) with internal disc disruption, disc herniation," and "[r]ight shoulder internal derangement." R. at 267.

Claimant filed for a period of disability and disability insurance benefits on October 15, 2009, alleging disability beginning March 28, 2008. R. at 21, ECF 11. The application was initially denied on April 28, 2010. R. at 108. The initial determination found that Claimant was unable to perform past relevant work, but was able to perform other work—in particular, unskilled sedentary work. R.

---

[1] As explained below, Scott Allen Levander (Claimant), whose denial of benefits is appealed in this action, is now deceased. This appeal is brought by Maureen Cassidy on behalf of Jackson Cassidy, Claimant's child, who filed a timely Notice of Substitution of Party upon Claimant's death. *See* Record (R.) at 140-41, ECF 11.

at 109-11. This determination was affirmed on reconsideration on August 26, 2010. R. at 112. Claimant filed a request for a hearing on August 30, 2010. R. at 21.

Claimant passed away before the hearing, but Maureen Cassidy (Plaintiff) continued to prosecute the application on behalf Jackson Cassidy, Claimant's child. R. at 21, 140-41. A hearing was held before an administrative law judge (ALJ) on September 13, 2011, which included testimony from Bijou Levander, Claimant's mother, as well as an impartial medical expert and vocational expert. R. at 21.

After hearing evidence, the ALJ found that Claimant had a residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b). R. at 24. "Specifically, the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently; he could stand and/or walk for two hours out of an eight-hour workday with regular breaks; he could sit for six hours out of an eight-hour workday with regular breaks; he could occasionally climb ramps and stairs; he could occasionally balance, stoop, kneel and crouch; he was precluded from climbing ladders, ropes and scaffolds; he was precluded from crawling; he could perform occasional overhead reaching; he should have avoided all exposure to extremes of cold, vibration and hazards; and he should not have held his neck in a rigid position for more than 20 minutes at a time." R. at 24.

The ALJ further found that Claimant had past relevant work experience as a consultant and that Claimant's RFC was within the physical demands of consultant work as actually and generally performed. R. at 29. Based on this finding, the ALJ determined that Claimant was capable of performing past relevant work and was therefore not under a disability from March 28, 2008, through the date of his death, July 3, 2011. R. at 30. Plaintiff now seeks review of this determination.

## II. LEGAL STANDARD

### A. STANDARD OF REVIEW

District courts "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 USC § 405(g). However, the court's review of the Commissioner's decision is limited and deferential. *Massachi v. Astrue*, 486 F.3d 1149,

1152 (9th Cir. 2007). The court "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Id*. at 1152.

"'Substantial evidence' means more than a scintilla but less than a preponderance." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. [The court] must give the facts a full review and must independently determine whether the Commissioner's findings are supported by substantial evidence." *Id*. (internal citations omitted).

### B.   Capacity to Perform Past Relevant Work

Under 20 C.F.R. §§ 404.1520(e) and 416.920(e), "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC [residual functional capacity] to perform:

1. The actual functional demands and job duties of a particular past relevant job; *or*
2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy."[2]

SSR 82-61; *see also Pinto v. Massanari*, 249 F.3d 840, 845 n.3 (9th Cir. 2001) (recognizing Social Security Rulings, including SSR 82-61 and SSR 82-62, as "binding on all components of the Social Security Administration").

This "requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Pinto*, 249 F.3d at 845; SSR 82-62. "Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." SSR 82-62. The procedures and requirements for considering past work experience are laid out in SSR 82-62:

> The *claimant is the primary source for vocational documentation*, and statements by the claimant regarding past work are *generally sufficient* for determining skill level;

---

[2] This is "Step 4" of the 5-step analysis prescribed by 20 C.F.R. § 404.1520(a)(4).

3

exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do PRW [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles* [DOT], etc., on the requirements of the work as generally performed in the economy.

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Sufficient documentation *will be obtained* to support the decision. Any case requiring consideration of PRW *will contain* enough information to permit a decision as to the individual's ability to return to such past work (or to do other work).

Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements *must be obtained* as appropriate. This information will be derived from a detailed job description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience. . . . If more than one job was performed during the 15-year period, *separate descriptions of each job will be secured.*

SSR 82-62 (emphasis added).

"The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show how specific evidence leads to a conclusion." *Id.* "In finding that an individual has the capacity to perform a past relevant job, the determination or decision *must contain* among the findings the following specific findings of fact:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past relevant job or occupation."

*Id.* (emphasis added).

4

In determining the physical and mental demands of the past job/occupation, either as actually performed or as generally required by employers throughout the national economy, reference to the Dictionary of Occupational Titles [DOT] may be helpful. *See* SSR 82-61. However, "[t]here may be cases involving significant variations between a claimant's description and the description shown in the DOT. In some instances, an apparent variation may result from an incomplete or inaccurate description of past work. Employer contact or further contact with the claimant, may be necessary to resolve such a conflict." *Id.*

### III.  DISCUSSION

The ALJ's adverse determination of disability was based on the ALJ's finding that Claimant was capable of performing past relevant work—specifically, that of a consultant. R. at 29-30. The ALJ determined that consultation was past relevant work for Claimant based on Claimant's self-reporting of past work experience. R. at 29. Plaintiff disputes the ALJ's determination that claimant's RFC made him capable of performing past relevant work. After reviewing the record, the court agrees with Plaintiff that the ALJ's determination is not supported by substantial evidence. Additionally, the ALJ committed legal error by departing from specific requirements dictated by SSR 82-61 and SSR 82-62. Specifically:

1. The ALJ failed to obtain separate descriptions of each job performed by Claimant in the relevant 15-year period. *See* SSR 82-62.
2. The ALJ failed to make a specific "finding of fact as to the physical and mental demands of the past job/occupation" to which the ALJ determined Claimant was capable of returning. *See* SSR 82-62.
3. The ALJ failed to resolve the conflict between Claimant's job description and the description shown in the Dictionary of Occupational Titles when determining whether Claimant could perform the job of consultant as required by employers throughout the national economy. *See* SSR 82-61.

Because the ALJ's errors in determining that Claimant was capable of performing past relevant work are dispositive, the court need not reach Plaintiff's alternative argument that the ALJ failed to fully and fairly develop the record.

### A.   Substantial Evidence

The ALJ determined that Claimant was capable of performing past relevant work as a consultant "as actually and generally performed." R. at 29. The court notes as an initial matter that there is *no* evidence in the record as to how Claimant's consultant work was actually performed. The Vocational Expert (VE) testified to this fact during the hearing. *See* Hearing Transcript, R. at 96 (VE: "And the claimant worked as a sales -- doing sales for publishing -- a publishing company of some sort. This is the only one where there was a description of the job."). Because there was no description of how Claimant's "consultant" job was actually performed, there is no evidence that Claimant could continue to perform it as actually performed. This does not end the court's review, however, because the ALJ's finding that Claimant could perform the job of consultant as generally required by employers throughout the national economy—if supported by substantial evidence—would be sufficient to affirm the ALJ's adverse determination of disability. Accordingly, the court turns next to that finding.

The ALJ determined that Claimant was capable of performing consultant work as generally performed by comparing Claimant's RFC with the demands of a consultant as defined in the Dictionary of Occupational Titles (DOT) 189.167-010, which the Vocational Expert described as a sedentary job. R. at 96. Claimant's counsel objected at the hearing that the VE's "characterization of the jobs are completely different than what the claimant did." R. at 99. The VE pointed out that she was "going by the DOT, because I have nothing else to go by." Claimant's attorney questioned the VE regarding whether the DOT positions she had testified about were actually the same positions performed by Claimant. R. at 100. The VE testified that a job requiring an individual to be out in the field at least two thirds of the day would not be classified as sedentary. R. at 100. When asked whether there was "another DOT that would be better descriptive," the VE replied, "I don't know without having more information." R. at 100. Because the ALJ based his finding that Claimant was able to perform past work on the job description found at DOT 189.167-010, the question ultimately reduces to whether there is substantial evidence to support a conclusion that Claimant had prior work experience in the position described at DOT 189.167-010.

According to the DOT, a consultant "[c]onsults with [a] client to define [a] need or problem, conducts studies and surveys to obtain data, and analyzes data to advise on or recommend [a] solution, utilizing knowledge of theory, principles, or technology of [a] specific discipline or field of specialization." DOT 189.167-010. According to Claimant, "I have been in Sales/Advertising/Marketing my entire career (23+ years) and need to be very active every day. . . . My work also requires me to travel and attend trade shows and special events, entertain clients, walk long distances and be on my feet for extended periods of time. I can not [sic] carry heavy objects, such as the activities listed above require me to do to be able to do my job." R. at 194. Claimant's job also required lifting boxes of up to 50 pounds "when doing special events." R. at 196.

The job described by Claimant bears essentially no resemblance to the job defined at DOT 189.167-010. In scouring the record for some connection between DOT 189.167-010 and the job described by Claimant, the court is able to find only a form filled out by Claimant in which he lists "Consultant" in "Publishing" as a prior job. R. at 195. The title "Consultant" appears to be the only link between Claimant's description of his past work experience and DOT 189.167-010. In all other respects, the jobs are completely divergent. While the fact that Claimant described himself as a "consultant" may constitute a "scintilla" of evidence, in light of all the evidence in the record, a reasonable mind could not accept it as adequate to support the conclusion that Claimant had performed the job whose general requirements are described at DOT 189.167-010. The only reasonable conclusion is that either (1) Claimant used the title "consultant" in a manner inconsistent with the DOT and to refer to an entirely different kind of job; or (2) the job of "consultant" in the Sales/Advertising/Marketing industry has substantially different requirements than those described at DOT 189.167-010.

The ALJ based his adverse determination of eligibility on the conclusion that Claimant was able to perform past relevant work. Because the ALJ based this finding on the job description found at DOT 189.167-010, and because there is not substantial evidence to support the conclusion that

Claimant ever worked in the job described at DOT 189.167-010, the ALJ's determination is not supported by substantial evidence.[3]

### B. FAILURE TO SECURE SEPARATE JOB DESCRIPTIONS

The "procedures for determining a disability claimant's capacity to do past relevant work (PRW) as set forth in the regulations" are set forth in SSR 82-62 "to clarify the provisions so that they will be consistently applied." SSR 82-62, Statement of Purpose. "Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." SSR 82-62. "Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source." *Id*. Importantly, "[i]f more than one job was performed during the 15-year period, separate descriptions of each job *will be secured*." *Id*. (emphasis added).

Claimant's list of jobs held in the past 15 years includes six jobs: Sales Account Executive, Title and Escrow Account Manager, Media Circulating & Marketing Director, Media Classified Manager, Publishing Consultant, and Publishing.[4] R. at 195. The last job, sales and marketing for a publishing company, is the only job for which the record contains a description. *See* Hearing

---

[3] Defendant places much emphasis on the fact that Claimant bore the burden of proof at this stage in the proceedings. However, as the Ninth Circuit has noted,
> the application of burdens of proof is particularly elusive in cases involving social security benefits, in part because the proceedings are not designed to be adversarial. In addition, the ALJ's *affirmative duty* to assist the claimant to develop the record further complicates the allocations of burdens. Notwithstanding the fact that the ALJ shares the burden at each step, we use the term burden of proof for convenience."

*Tackett v. Apfel*, 180 F.3d 1094, 1098 n3 (9th Cir. 1999) (emphasis in original) (internal citations omitted). Furthermore, Defendant has cited no authority for the proposition that the burden of proof relieves the ALJ of supporting his findings with substantial evidence. *See, e.g.*, *Garcia v. Califano*, 463 F. Supp. 1098 (N.D. Ill. 1979) (finding that even though the record did not support the claimant, the lack of substantial evidence supporting the secretary required reversal).

[4] No separate job title was given for this last job, but Claimant described the job as "sales marketing." R. at 195.

Transcript, R. at 96 (VE: "And the claimant worked as a sales -- doing sales for publishing -- a publishing company of some sort. This is the only one where there was a description of the job."). The ALJ had a duty, as dictated by SSR 82-62, to secure a separate description of each job. Of course, given that Claimant was deceased at the time of the hearing, the ALJ did not have recourse to "the primary source for vocational documentation," SSR 82-62. However, claimant is not the only source from which an ALJ may obtain "[d]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements." *Id*. In particular, SSR 82-62 contemplates that "[t]his information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed sources." *Id*.

In particular, Claimant's mother, an "other informed source[]," was available to testify at the hearing:

> Atty [for Claimant]: Okay, so the -- since the vocational experts don't get very much in the way of the jobs, her characterization of the jobs are completely different than what the claimant did.
>
> VE: I only have --
>
> ALJ: How do you know that? Based on what?
>
> Atty: Because I interviewed the claimant in preparation for this hearing.
>
> ALJ: I know but -- but you're not -- you don't plan on testifying as to what he did, did you?
>
> Atty: No but I -- I mean I could but I could also have his mother testify about what he did.
>
> ALJ: Was his mother there working with him?
>
> Atty: No, but she knows about the jobs he had.

Hearing Transcript, R. at 99.

The ALJ failed to secure from Claimant's mother a detailed description of each job Claimant reported performing during the relevant 15-year period. The ALJ asked Claimant's mother only a single question, which related to his sales position. *See* Hearing Transcript, R. at 105 (ALJ: "What kind of stuff was he selling?"). Because this departs from SSR 82-62's dictate that "[i]f more than one job was performed during the 15-year period, separate descriptions of each job will be

secured," SSR 82-62, which is "binding on all components of the Social Security Administration," 20 C.F.R. §§ 402.35(b)(1) and (2); *Pinto*, 249 F.3d at 845 n.3, the ALJ's adverse determination of disability was based on legal error.

### C. Failure to Make Necessary Specific Findings of Fact

SSR 82-62 requires that "[i]n finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."

SSR 82-62.

It is undisputed that the ALJ made a specific finding of fact as to the Claimant's residual functional capacity, satisfying requirement (1). *See* R. at 24. The ALJ's finding that "[t]he claimant was capable of performing past relevant work as a consultant" is set out verbatim below:

> The claimant was capable of performing past relevant work as a consultant. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> Based on the claimant's reporting, the claimant worked as a consultant in the last 15 years (see Ex. 2E).
>
> Based on the evidence of record, the undersigned finds the above-described work was past relevant work because the claimant performed it in the last 15 years, for a sufficient length of time to learn and provide average performance, and at the level of substantial gainful activity.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as actually and generally performed. The vocational expert testified the claimant was able to perform this past relevant work even if he had the limitations assessed in this decision.
>
> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

R. at 29.

The ALJ's determination, as quoted above, also clearly meets requirement (3) by making a specific finding of fact that "the individual's RFC would permit a return to his or her past job or occupation," SSR 82-62, as a consultant. However, nowhere in the ALJ's determination is there a specific finding of fact "as to the physical and mental demands of the past job/occupation," SSR 82-62, to satisfy requirement (2). Because SSR 82-62, which is "binding on all components of the Social Security Administration," 20 C.F.R. §§ 402.35(b)(1) and (2); *Pinto*, 249 F.3d at 845 n.3, requires such a specific finding of fact, the ALJ's failure to make such a finding is legal error.

### D. FAILURE TO RESOLVE APPARENT VARIATION BETWEEN JOB DESCRIPTIONS

SSR 82-61 recognizes that, with respect to information about past work, "[t]here may be cases involving significant variations between a claimant's description and the description shown in the DOT. In some instances, an apparent variation may result from an incomplete or inaccurate description of past work. Employer contact or further contact with the claimant, may be necessary to resolve such a conflict." SSR 82-61. This is clearly a case involving significant variations between Claimant's description of his former work and the description shown in the DOT.

For example, here is Claimant's description of his former work:

> I have been in Sales/Advertising/Marketing my entire career (23+ years) and need to be very active every day. . . . My work also requires me to travel and attend trade shows and special events, entertain clients, walk long distances and be on my feet for extended periods of time. I can not [sic] carry heavy objects, such as the activities listed above require me to do to be able to do my job."

R. at 194. Claimant's job also required lifting boxes of up to 50 pounds "when doing special events. R. at 196.

And here is Claimant's mother's description of Claimant's former work:

> Well, he would go out on sales calls. He was responsible for a lot of sales people and whenever they needed to get a new client or whatever he would physically go out with them and make the sales calls and the sales pitches and --
>
> . . .
>
> -- and so he would go with the reps when they'd go into either the restaurants or any type of advertising that you would find in the Metro; and the Chronicle, he was classified advertising so it was basically the same thing, he would go with his sales reps. When he was in New York, he had to travel -- they'd have to walk to the path and take the subway into New York and walk quite a distance to get to the

jobs. And basically the publishing was the same thing, he still worked with his sales reps and the people to get the publications going.

R. at 105.

In sharp contrast, here is the DOT description that the ALJ accepted as descriptive of Claimant's former work:

> CONSULTANT
>
> Industry Designation: Professional and Kindred Occupations
>
> Consults with client to define need or problem, conducts studies and surveys to obtain data, and analyzes data to advise on or recommend solution, utilizing knowledge of theory, principles, or technology of specific discipline or field of specialization: Consults with client to ascertain and define need or problem area, and determine scope of investigation required to obtain solution. Conducts study or survey on need or problem to obtain data required for solution. Analyzes data to determine solution, such as installation of alternate methods and procedures, changes in processing methods and practices, modification of machines or equipment, or redesign of products or services. Advises client on alternate methods of solving need or problem, or recommends specific solution. May negotiate contract for consulting service. May specialize in providing consulting service to government in field of specialization. May be designated according to field of specialization such as engineering or science discipline, economics, education, labor, or in specialized field of work as health services, social services, or investment services.

DOT 189.167-010.

This is a clear "case[] involving significant variations between a claimant's description and the description shown in the DOT." SSR 82-61. SSR dictates that "[e]mployer contact or further contact with the claimant, may be necessary to resolve such a conflict." SSR 82-61. The court recognizes that "further contact with the claimant" was not possible, but there is no indication that the ALJ made *any* attempt to reconcile this apparent conflict, through employer contact or through any other means. SSR 82-61, though not dictating the exact method through which such apparent conflicts must be resolved, clearly contemplates that such conflicts are to be resolved in making a determination as to a claimant's capacity to return to past relevant work. The ALJ made no attempt to resolve this conflict, instead simply presuming a resolution in favor of the DOT's description. This departure from SSR 82-61's guidelines constituted legal error.

## IV. ORDER

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**. The case is **REMANDED** for further proceedings not inconsistent with this decision.

Dated: February 18, 2015

                                                                          _____
                                                                          BETH LABSON FREEMAN
                                                                          United States District Judge